UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DELORES FORD, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-2544-RMC |
| SUNTRUST MORTGAGE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Delores Ford, Alice Freeman, Henry Khanagara, Bettye Tate, Deborah Johnson, and Darrell Johnson sue Defendants, a collection of financial institutions associated with mortgage lending. In their Complaint [Dkt. 1] (the Original Complaint or Orig. Compl.), Plaintiffs allege a basket of both federal and state law claims, which Defendants have moved to dismiss. In response, Plaintiffs have moved for leave to amend their Original Complaint. Defendants have, in turn, opposed Plaintiffs' motion, arguing that the proposed amendments to Plaintiffs' Complaint would be futile.

The Court addresses both Defendants' motions to dismiss and Plaintiffs' motion to amend. Because Plaintiffs' Original Complaint suffers from fatal defects of pleading, and because the same defects remain in Plaintiffs' proposed Amended Complaint, the Court will deny Plaintiffs' Motion to Amend as futile and grant Defendants' respective Motions to Dismiss.

1

# I. BACKGROUND

**A. Facts**

Plaintiffs are all residents of Washington, D.C., who individually took out mortgages for specific properties throughout Washington, D.C. at various times between the years 1989 and 2008.[1] Plaintiffs allege in their proposed Amended Complaint that they are "the purchaser[s] of residential mortgage-backed securit[ies]" for their respective properties. *See* Proposed Amended Complaint (Amended Complaint or Am. Compl.) [Dkt. 27-4] ¶¶ 1-5. Defendants Suntrust Bank, Inc. (Suntrust),[2] Bank of America, N.A. (Bank of America), and Network Funding, L.P. (Network), are all mortgage underwriters who individually underwrote Plaintiffs' respective loans. *Id.* ¶¶ 12-16. Save Darrell and Deborah Johnson, no Plaintiff acted in concert with any other Plaintiff in taking out their mortgages, and none of the Defendants co-underwrote any mortgage loan.[3] In other words, beyond the fact that all Plaintiffs took out mortgages, and all Defendants are mortgage underwriters, no interrelationship or common factual circumstance exists between them.

---

[1] Delores Ford's mortgage closed on February 16, 2005, with a cutoff date of June 1, 2005, and a Deed of Trust dated May 16, 2005. Am. Compl. ¶ 12. Alice Freeman's mortgage closed on September 27, 2007, with a cutoff date of October 31, 2007, and a Deed of Trust dated September 27, 2007. *Id.* ¶ 13. Henry Kahangara's mortgage closed on July 21, 2006, with a cutoff date of September 1, 2006, and a Deed of Trust dated July 21, 2006. Am. Compl. ¶ 14. Bettye Tate's mortgage closed on April 25, 2008, with a Deed of Trust also dated April 25, 2008. Am. Compl. ¶ 15. Darrell and Deborah Johnson's mortgage closed on December 5, 1989, with a Deed of Trust also dated December 5, 1989. Am. Compl. ¶ 16.

[2] In both the Complaint and Amended Complaint, Plaintiffs variously identify both Suntrust Bank, Inc., and Suntrust Mortgage, Inc., a subsidiary of Suntrust Bank, as the named Defendant. *Compare* Orig. Compl. ¶ 1 *with id.* ¶ 10; *compare* Am. Compl. at 1 *with id.* ¶ 6. The Court will refer to both collectively as "Suntrust."

[3] As a result, based on the pleadings, not every Plaintiff has claims against every Defendant. Network Funding underwrote the mortgage for Delores Ford. Am. Compl. ¶ 12. Suntrust underwrote the mortgages for Alice Freeman; Bettye Tate; and Darrell and Deborah Johnson. *Id.* ¶¶ 13, 15, 16. Bank of America underwrote the mortgage for Henry Kahangara. *Id.* ¶ 14.

While Plaintiffs' Original Complaint and Amended Complaint are both short on specifics, the crux of their collective allegations is that Defendants, through their procedures in repackaging and securitizing Plaintiffs' mortgage loans, violated certain terms and warranties contained in their agreements with Plaintiffs and made material false representations to Plaintiffs. In neither the Original Complaint nor the Amended Complaint do Plaintiffs identify with particularity which terms were allegedly broken by each Defendant or what specific statements were allegedly made. Plaintiffs do allege that each Deed of Trust was notarized by a notary with an expired commission, although it remains unclear whether those notaries were employees or agents of Defendants, or if Defendants were aware that the commissions were expired.

### B. Procedural History

Plaintiffs filed their Original Complaint on January 1, 2017. Defendants submitted individual Motions to Dismiss. *See* Bank of America Mot. to Dismiss (Bank of America MTD) [Dkt. 7]; Network Funding Mot. to Dismiss (Network MTD) [Dkt. 11]; Suntrust Mot. to Dismiss (Suntrust MTD) [Dkt. 16]. Plaintiffs submitted responses to these motions, *see* Pls.' Opp'ns [Dkts. 18 and 19] and moved to amend their Complaint, *see* Pls.' 1st Mot. to Amend [Dkt. 21].

Because Plaintiffs failed to attach their proposed Amended Complaint to this first motion, in violation of this District's Local Rules, the Court denied Plaintiffs' motion without prejudice. *See* 6/30/2017 Minute Order. On July 22, 2017, Plaintiffs then filed a second Opposition to Defendants' respective Motions to Dismiss, which included an attached proposed Amended Complaint, and which the Court therefore construes as a second Motion to Amend. *See* 2d Mot. to Amend [Dkt. 27]. All three Defendants opposed this renewed Motion to Amend,

*see* Bank of America Mem. in Opp'n [Dkt. 29]; Suntrust Mem. in Opp'n [Dkt. 30]; Network Mem. in Opp'n [Dkt. 31]. To date, Plaintiffs have filed no reply.

In their Original Complaint, Plaintiffs allege three separate claims against all Defendants: (1) Civil Penalties for False Statements Within Jurisdiction of United States, (18 U.S.C. § 1001 (2012)), in violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1833a; (2) Civil Penalties for False Statements to Financial Institutions (18 U.S.C. § 1014), also in violation of FIRREA; and (3) Breach of Contract. *See Orig.* Compl. at 14-15.[4]

In their Amended Complaint, Plaintiffs retain both the Original Complaint's first FIRREA claim and the breach of contract claim. They replace the Original Complaint's second FIRREA claim with a state law negligent misrepresentation claim, and add no additional claims. *See* Am. Compl. at 6-7. While neither the Original Complaint nor the Amended Complaint specifies under which state law Plaintiffs bring their breach of contract and negligent misrepresentation claims, Plaintiffs are all residents of the District of Columbia and the events giving rise to this suit substantially occurred in the District of Columbia. *See* Compl. ¶ 7. Therefore the Court will apply D.C. law to these claims.

## II. JURISDICTION

While Defendants do not challenge jurisdiction, it is incumbent on the Court to verify its jurisdiction. Relying on their FIRREA claims, Plaintiffs claim jurisdiction under 18 U.S.C § 1331, federal question. "[T]he vast majority of cases brought under the general federal-

---

[4] It seems possible that Count Two, as written, is a scrivener's error, as it references both parties and facts that appear nowhere else in the Complaint and are otherwise unrelated to the allegations. In their introduction, Plaintiffs also allege a violation of the False Claims Act, 31 U.S.C. § 3729-3730, which does not appear as a separate Count. *See* Compl. ¶ 1.

4

question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Because Plaintiffs challenge Defendants' conduct under federal law, the Court may retain jurisdiction over this case.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

Defendants move to dismiss Plaintiffs' Original Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id.*, but a court need not accept as true legal conclusions set forth in a complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A complaint must allege sufficient facts that would allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

5

**B. Futility of Amendment**

Defendants challenge Plaintiffs' Motion to Amend the Complaint on the grounds that the proposed amendments would be futile. Under Federal Rule of Civil Procedure 15(a), the court should "freely give leave" to a party to amend its pleading "when justice so requires[.]" Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave lies in the sound discretion of the district court." *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Miller v. Gray*, No. 13-2018, 2016 WL 8671830, at *2 (D.D.C. Dec. 16, 2016). A motion to amend a complaint is futile if "the proposed claim would not survive a motion to dismiss." *Berry v. Coastal Int'l Sec. Inc.*, No. 12-1420, 2015 WL 13216805, *2 (D.D.C. July 24, 2015) (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

In other words, if Plaintiffs' proposed Amended Complaint would fail to state a claim under the *Twombly/Iqbal* pleading standard, those proposed amendments would be "futile." Because of this, the Court applies the same standard in assessing the claims in the proposed Amended Complaint as those in the Original Complaint.

## IV. ANALYSIS

Plaintiffs' claims can be separated into two categories, which apply equally to both the Original and Amended Complaints: (1) Federal law claims brought under FIRREA; and (2) state law claims for breach of contract and negligent misrepresentation—negligent

misrepresentation appearing only in the Amended Complaint.[5] As detailed below, Plaintiffs' FIRREA claims fail because FIRREA does not provide a private right of action to individual plaintiffs. Further, Plaintiffs' state law claims fail because, in addition to deficiencies in pleading, all alleged activity for which Plaintiffs provide dates occurred outside the statute of limitations for any state law claim brought. As such, all counts in both the Original Complaint and the Amended Complaint fail.

**A. FIRREA Counts**

Counts One and Two of Plaintiffs' Original Complaint, and Count One of Plaintiffs' Amended Complaint—duplicative of the Original Complaint's Count One—allege violations of FIRREA. Based on the text of the counts, Plaintiffs allege that Defendants have violated 18 U.S.C. § 1001 (Count 1 of both the Original and Amended Complaint) and 18 U.S.C. § 1014 (Count 2 of the Original Complaint), and are therefore liable for civil penalties under 12 U.S.C. § 1833a.

None of these potential bases for a suit provides a private right of action, and therefore all fail to state a claim. 18 U.S.C. §§ 1001 and 1014, both criminal statutes, do not provide a private civil right of action. *See Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010) ("Moreover,

---

[5] In their Original Complaint, Plaintiffs also make reference to the False Claims Act. Because no False Claims Act count is listed in any complaint, the Court does not undertake an extensive analysis of it. If Plaintiffs did intend to bring a False Claims Act claim, however, it would fail. Before bringing any False Claims Act claim, Plaintiffs are first obligated to notify the federal government and provide it with an opportunity to assess the allegations and intervene if appropriate. "A relator bringing a civil action for violations of the FCA must: (1) serve 'a copy of the complaint and written disclosure of substantially all material evidence and information on the Government'; (2) file the complaint in camera and under seal; and (3) refrain from serving the complaint on any defendant 'until the court so orders.'" *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256 (D.DC. 2014)(quoting 31 U.S.C. § 3730(b)(2)). Plaintiffs have provided no indication they have followed such procedures here.

plaintiff's claims of fraud or false statements under 18 U.S.C. § 1001 and conspiracy under 18 U.S.C. § 241 are also barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants."); *see also Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[I]n the criminal context, the Supreme Court has refused to imply a private right of action in 'a bare criminal statute.'" (quoting *Cort v. Ash*, 422 U.S. 66, 79-80 (1975)). While Plaintiffs allege in all FIRREA-based counts that Defendants are liable for civil penalties under 12 U.S.C. § 1833a, any action under that provision must be brought by the government. *See* 12 U.S.C. § 1833a(e) (" A civil action to recover a civil penalty under this section shall be commenced by the Attorney General."). All Plaintiffs' counts predicated on FIRREA must therefore fail. Counts 1 and 2 of the Original Complaint will therefore be dismissed, and Count 1 of Plaintiffs' Amended Complaint is futile.

**B. State Law Counts**

Count 3 of the Original Complaint alleges breach of contract, as does Count 2 of the Amended Complaint. Count 3 of the Amended Complaint alleges negligent misrepresentation. To state a claim for breach of contract under D.C. law, Plaintiffs must show "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 275 (D.D.C. 2012). The statute of limitations for such a claim is three years. D.C. Code § 12-301(7).

To state a claim for negligent misrepresentation under D.C. law, "the plaintiff must show that the defendant made a false statement or omitted a fact that he [or she] had a duty to disclose, that the false statement or omission involved a material issue, and that the plaintiff reasonably relied upon the false statement or omission to [his or her] detriment." *Jefferson v.*

8

*Collins*, 905 F. Supp. 2d 269, 286 (D.D.C. 2012); *see also Redmond v. State Farm Ins. Co.*, 728 A.2d 1202, 1207 (D.C.1999). The statute of limitations for negligent misrepresentation claims in D.C. is also three years. D.C. Code § 12-301(8); *see Clouser v. Temporaries, Inc.*, 730 F. Supp. 1127, 1131 (D.D.C. 1989).

Plaintiffs' pleadings suffer from a serious lack of specificity as to the state law counts. While Plaintiffs recount the basic facts of the mortgages that form the basis for their suit, *see* Am. Compl. ¶¶ 12-17, Plaintiffs fail to provide the Court with fundamental facts underlying their respective claims. Plaintiffs do not identify specific contract terms Defendants are alleged to have breached nor specific misrepresentations Defendants allegedly made. Plaintiffs speak of Defendants' actions collectively, but do not allege that any Defendant acted in concert with one another. *See, e.g.*, *id.* ¶ 17. Plaintiffs' pleadings fall woefully short of the standard necessary to meet the burden of presenting "plausible" claims. *Twombly*, 550 U.S. at 570.

Even if Plaintiffs could provide more factual detail, however, their state law claims would still fail because the latest date any activity is alleged to occur, in any context, is 2008. *See id.* ¶¶ 12-16. This falls far beyond D.C.'s three-year statute of limitations for both breach of contract and negligent misrepresentation claims for a lawsuit filed in 2017. Defendants raised this issue in their original Motions to Dismiss, *see, e.g.*, Network MTD at 6, and Plaintiffs took no steps to address it in the Amended Complaint. Because Plaintiffs' claims are time-barred under D.C. law, and because they otherwise fail to meet their pleading obligations, Plaintiffs have failed to state a claim on the state law counts in both their Original Complaint and proposed Amended Complaint.

9

## CONCLUSION

Because accepting Plaintiffs' proposed Amended Complaint would be futile for failure on all counts to state a claim, the Court will deny Plaintiffs' Motion to Amend the Complaint. Further, because all counts in Plaintiffs' Original Complaint fail to state a claim, the Court will grant Defendants' respective Motions to Dismiss, dismissing all counts against all Defendants. A memorializing order accompanies this Memorandum Opinion.


Date: October 20, 2017                                        /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge